THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRIGHTON MILLS, Relator, v. WALTER H. KNAPP and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 8, 1920.

Taxation — franchise tax — when foreign corporation not engaged in carrying on business or employing capital in this State.

A New Jersey corporation, engaged in manufacturing and selling cotton, which stores its cotton imported from foreign countries in a warehouse in Brooklyn for the purpose of fumigation and which maintains an office in New York city, in charge of a stenographer to receive messages and transmit them to its general office in New Jersey, but which keeps no books at its New York office and makes no sales there, is not engaged in carrying on business or employing capital in the State of New York within the meaning of the Tax Law authorizing the imposition of a franchise tax.

CERTIORARI issued out of the Supreme Court and attested on the 30th day of June, 1919, directed to Walter H. Knapp and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing a franchise tax upon the relator under article 9-A of the Tax Law (as added

by Laws of 1917, chap. 726) for the year beginning November 1, 1917, based on its net income for the calendar year ending December 31, 1916.

*Herbert J. Lyall,* for the relator.

*Charles D. Newton, Attorney-General [C. T. Dawes, Deputy,* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The relator is a New Jersey corporation, engaged in manufacturing and selling cotton and special fabrics at Passaic, N. J., and its general and business offices are at Passaic, N. J. It imports from abroad Egyptian cotton and from North Carolina Sea Island cotton, to be used in its New Jersey mills. The arriving steamers are lightered and the cotton taken to the Bush terminal, in Brooklyn. The imported cotton is required by law to be fumigated at the port of entry, and is fumigated in bale at the Bush terminal until the company needs it at its mills, and as required it is removed to the Passaic mills.

At and before the time of the imposition of this tax the company maintained a New York office, consisting of one room with about $200 worth of furniture therein. A stenographer was in attendance to keep the office open, to receive cablegrams and messages and transmit them to the New Jersey office and to receive and forward to Passaic any mail that came to that office. Customers sometimes report at the office and the stenographer puts them in touch with the Passaic office. The New York salesman calls at the office occasionally, not oftener than once in a month or two. No books are kept or sales made at this office. No other business is conducted there.

The company was not carrying on business or employing capital in the State of New York. The determination should be reversed and the tax annulled, with fifty dollars costs and disbursements.

All concur.

Determination reversed and the tax annulled, with fifty dollars costs and disbursements.